1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES *ex rel*
MATTHEW MACDOWELL,

        Plaintiff,

  v.

SYNNEX CORPORATION,

        Defendant.

_____/

No. C 19-00173 WHA

**ORDER RE MOTION TO DISMISS,
REQUESTS FOR JUDICIAL NOTICE,
AND VACATING HEARING**

**INTRODUCTION**

    In this False Claims Act action, defendant moves to dismiss *qui tam* relator's third amended complaint. For the foregoing reasons, defendant's motion is **GRANTED**.

**STATEMENT**

    Defendant Synnex Corporation sells office products to the federal government. Relator Matthew MacDowell is an individual suing on behalf of the United States. In 1980, defendant entered into a contract (Multiple Award Schedule 70) with the government for the sale of electric power supply products. The contract incorporates the Trade Agreements Act which necessitates end products sold to the United States Government be manufactured in certain countries. In 2006, Synnex entered into a contract with Huawei Technologies Co., Ltd., a Chinese technology corporation, to sell information technology infrastructure components in the United States. The complaint alleges that as a result of the agreement, Synnex imported products from APC by Schneider Electric (formerly known as American Power Conversion

Corporation). These products contained Huawei-manufactured parts. The complaint further alleges Synnex offered for sale and sold power-supply products to the government under MAS 70 knowing that they contained parts from APC that were manufactured in TAA non-compliant countries (Compl. ¶¶ 1, 6, 9, 14, 43, 47, 67, 68).

Relator filed the instant action in August 2012 in the United States District Court for the District of Columbia, followed by an amended complaint in February 2014 and a second amended complaint in January 2017, all under seal. During this time, various extensions of time allowed the United States to consider whether to intervene. A transfer sent the action to the United States District Court for the Northern District of California in January 2019. The government moved to unseal the complaint in February 2019, but declined to intervene. The motion was granted. Relators then filed a public third amended complaint in April 2019, alleging violations of the False Claim Act. Defendant now moves to dismiss and relator opposes (Dkt. Nos. 1, 15, 44, 60, 69). Pursuant to our Local Civil Rule 7-1(b), this order finds relator's motion suitable for submission without oral argument and hereby **VACATES** the September 26 hearing.

## ANALYSIS

To allege a False Claims Act claim for relief, there must be a "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States v. Safran Grp., S.A.*, No. 15- CV-00746-LHK, 2017 WL 3670792, at *9 (N.D. Cal. Aug. 25, 2017). Furthermore, because the complaint alleges fraud, it is subject to a heightened pleading standard under FRCP 9(b) which requires "a party [to] state with particularity the circumstances constituting fraud or mistake."

### 1. PUBLIC DISCLOSURE RULE.

Defendant moves to dismiss all of relator's claims on the grounds that the complaint is based on two publicly disclosed federal lawsuits thereby triggering the public disclosure bar. Prior to 2010, the public disclosure bar applied if the following three requirements were met: (1) the disclosure at issue occurred through one of the channels specified in the statute; (2) the

disclosure was 'public'; and (3) the relator's action is 'based upon' the allegations or transactions publicly disclosed." 37 U.S.C. § 3730(e)(4)(A) (2006). Following a 2010 amendment, the public disclosure bar requirements were changed so that "based upon" is defined as "substantially the same as," and the "original source" exception was expanded.

The first lawsuit was filed in the United States District Court, District of Massachusetts by *qui tam* relator Christopher Crennen in 2006 against various companies including Synnex. The 2006 complaint alleged defendants offered for sale computer and electronic products through the GSA from non-designated countries that did not comply with the TAA in violation of the False Claims Act. The allegations regarding Synnex specifically identified non-compliant printers and a computer. (Br. Ex. A, B).

The second lawsuit was filed in the United States District Court, District of Columbia by *qui tam* relator Brady Folliard in 2007 against a variety of companies including Synnex. The 2007 complaint alleged Synnex sold Hewlett-Packard products that originated in China through the GSA's MAS in violation of the TAA. Folliard then filed a second amended complaint in 2008 alleging substantially the same claims. Folliard filed a third amended complaint in 2010 alleging substantially the same claims but specifically identified that the contract in question was MAS 70. (Br. Ex. C, D, E).

It is undisputed the first two elements of the public disclosure bar test are met. Civil hearings, including the pleadings and other materials filed in civil litigation remain one of the channels specified in the statute that may be subject to the public disclosure bar. Furthermore, the disclosures were public as the documents in the two lawsuits were publicly filed. The main point of contention between the parties is whether the relator's action is based upon or substantially similar to the allegations or transactions publicly disclosed in the two lawsuits and whether the original source exception applies.

**A.    Substantially Similar.**

Prior to the 2010 amendment, our court of appeals held that the term "based upon" meant "substantially similar to." *United States ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1199 (9th Cir.2009). Accordingly, the analysis of whether an action is based upon or

3

substantially similar to the publicly disclosed material is the same.        The complaint in the instant action alleges Synnex sold products to government under MAS 70 where parts of products were manufactured in China in violation of the TAA.  The other two lawsuits similarly alleged Synnex sold or offered for sale products through GSA that were in violation of the TAA.

Relator distinguishes the complaint in the instant action from the earlier lawsuits, highlighting that the products at issue are different as well as the upstream manufacturers.  In particular, relator contends his complaint is not substantially similar because it makes allegations regarding different parties and different products, specifically APC products and not computer products or HP products as alleged in the other two lawsuits.  *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 579 (9th Cir. 2016).  Nonetheless, unlike the publicly disclosed, generalized documents in *Mateski* (news media, congressional hearings, and GAO reports), the publicly disclosed documents here are civil complaints that allege the same type of violations to the same extent that the complaint in the instant action does.  The primary party in all of the lawsuits—Synnex—is being accused of the same TAA violation in government contracts, for the same conduct of providing products with parts manufactured in non-designated countries.  The other decisions cited by relator suffer a similar downfall in that the publicly disclosed materials either addressed different types of issues or added materially new information.  Keeping in mind the purpose of the public disclosure bar is to ensure that whistle-blowers with valuable information bring suits while discouraging litigation where plaintiffs have no significant information to contribute, this order finds the instant action and the other two lawsuits are substantially similar.

### B.     Original Source Exception.

If the public disclosure bar applies, an action shall be dismissed unless the person bringing the action is an original source of information.  Prior to the 2010 amendment, an original source was one who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the government before filing an action. 37 U.S.C. § 3730(e)(4)(B) (2006).  Following the 2010 amendment, an original

source is one who either (1) prior to a public disclosure voluntarily disclosed to the government the information which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the government before filing an action. 37 U.S.C. § 3730(e)(4)(B).

With respect to the alleged conduct occurring before the 2010 amendment, relator offers proof that he, as an employee of a Synnex product reseller, knew that defendant had offered resellers substantial rebates and had discounted pricing on APC products and that it would affirmatively offer to swap out APC products when vendors had ordered similar products. Relator has further offered proof stating that he spoke with a senior Synnex representative who told him products sold by Synnex were manufactured in China. Citing *Prather v. AT&T, Inc.* and *United States ex rel. Calva v. Impac Secured Assets Corp.*, defendant contends relator merely took publicly available information and inferred a False Claims Act violation occurred. 847 F.3d 1097, 1105 (9th Cir.); Case No. SSACV-16-1983-JVS, 2018 WL 6016152, at *2 (C.D. Cal. June 12, 2018). However, relator's knowledge here comes from his experience observing defendant's conduct in the course of his employment, not piecing solely public information together to conclude defendant violated the False Claims Act. He furthermore proceeded to report the alleged fraud to the government through the GSA's online tip system.

With respect to the alleged conduct occurring after the 2010 amendment, relator's offer proof as well as the complaint's allegations regarding the APC products are independent and material. These allegations go beyond merely adding detail as defendant contends, rather they suggest more serious conduct than what is contained in the complaints of the other two lawsuits, specifically that defendant sold products to the government containing parts from a TAA noncompliant country with significant security vulnerabilities. Accordingly, taking into account the offer proof and the pleadings, the record is sufficient for the original source exception to apply in regards to the alleged conduct that occurred before and after 2010. Defendant's motion to dismiss on the grounds of the public disclosure bar is thus **DENIED**.

**2.    MATERIALITY.**

Defendant moves to dismiss all of relator's claims on the grounds that TAA compliance is not material.  Under *United States v. Escobar,* to allege a False Claims Act violation, a relator must plead materiality.  136 S. Ct. 1989 (2016).  Mere statutory or contractual violations are not necessarily material.  The third amended complaint here alleges that compliance with the TAA is a condition of payment and that by not complying, defendant has potentially exposed government computer systems to products that could open "backdoors" that could be accessed by China-based manufacturers.  Defendant essentially contends TAA compliance in this instance is minor.  Defendant relies on relator's reasoning that because the products bore the label of the country of manufacture, the government was aware the products it was purchasing were TAA noncompliant and that furthermore, GSA has represented that it is willing to work with companies to address TAA compliance issues instead of explicitly refusing to pay them.  Defendant further cites to *Comstor* in which the court found a lack of materiality where the government had declined to intervene after almost five years of investigation.  *United States v. Comstor Corp.*, 308 F. Supp. 3d 56, 87 (D.D.C. 2018).

Although the fact that the government has declined to intervene in the seven years since relator instituted this action weighs toward finding a lack of materiality, it is not dispositive as there are other reasons why the government may decline to intervene.  As pled, there is no indication the government has actual knowledge the alleged TAA violations occurred here and continues to pay defendant or that the government has regularly paid companies despite knowledge they were providing them with TAA noncompliant products.  Furthermore, given the security concerns at stake as well as the fact compliance with the TAA was mentioned at various times throughout the MAS contract, relator at this early stage in the litigation, has adequately pled materiality.  Accordingly, defendant's motion to dismiss on the ground of materiality is **DENIED.**

**3.    SPECIFICITY OF PLEADING.**

The third amended complaint alleges defendant sells products through the GSA contract that are TAA noncompliant.  From the face of the complaint, it is not clear how relator reached

this conclusion. The complaint only makes conclusory allegations stating certain products and parts offered for sale by defendant were TAA noncompliant. Relator does not adequately plead with particularity how the products in the offer for sale lists correspond to those listed in the sales invoices.

Relator relies on *United States v. United Healthcare Ins. Co.* to contend that the complaint has provided enough detail for the connection to be inferred. 848 F.3d 1161, 1167 (9th Cir. 2016). Contrary to relator, *United Healthcare* did not allow such broad inferences. Rather, our court of appeals found the adequately pled portions of that complaint were those that specifically alleged who, what, when, where, and how the misconduct occurred, detailing the exact parties and the exact actions they took in specific instances, allowing inferences only where there was sufficiently reliable indica. By contrast here, our complaint only pleads defendant offered TAA non-compliant products for sale and that the government purchased products from defendant between 2005 and 2016, not that defendant sold TAA noncompliant products to the government during this time. The remaining allegations are merely conclusory allegations that defendant or its employees were "aware of and participated in selling TAA non-compliant products to the government." What is unclear from the complaint is which noncompliant products were sold to the government, when they were sold, who specifically sold them, and how they did so. Although it is not necessary to provide details on every aspect of the alleged scheme, it is necessary to plead causal links between the alleged TAA noncompliant products and those that they were ultimately sold to the government because they go to the root of the alleged misconduct. Accordingly, defendant's motion to dismiss on the ground of pleading without the specificity required by Rule 9(b) is GRANTED.

**4.      REQUEST FOR JUDICIAL NOTICE.**

Courts may take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). "[M]atters of public record" are the appropriate subjects of judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001),

*overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

This order accordingly **GRANTS** defendant's unopposed request to judicially notice the following documents: (1) a complaint and amended complaint filed by a relator in the United States District Court for the District of Massachusetts in the case *United States ex. rel. Crennen v. Dell Marketing, L.P. et. al.,* 06-cv-10546-PBS*;* (2) a complaint and two amended complaints filed by a relator in the United States District Court for the District of Columbia case *United States ex. re. Folliard v. Synnex, et. al.,* 07-cv-719-RCL; (3) a newsletter issued by the General Services Administration used by the court in *Folliard*; (4) a guide concerning an American Power Conversion Product InfraStruxure which is partially included in the third amended complaint; (5) a ruling by the United States Customs and Border Protection which is referred to in the third amended complaint.

This order also **GRANTS** relator's unopposed request to judicially notice the existence of the following documents: (1) various press releases from the DOJ related to cases regarding TAA violations; (2) the GSA Solicitation Document for General Purpose Commercial Information Technology Equipment, Software and Services; (3) Synnex's MAS 70 contract, contract number GS-35F0143R; (4) Exhibit A of the *Crennen* complaint which allegedly lists products made in TAA-designated countries on the GSA Advantage! Website but are actually in non-designated countries; (5) Exhibit A of the amended *Crennen* complaint which allegedly lists products made in TAA-designated countries on the GSA Advantage! Website but are actually in non-designated countries; (6) Exhibit 2 of the *Folliard* second amended complaint which allegedly lists HP products on the GSA schedule that originated in China; (7) Exhibit 2a of the Folliard second amended complaint which allegedly lists HP products on the GSA schedule that were made Malaysia; (8) Exhibit 4 to the *Folliard* second amended complaint which allegedly lists products listed on the GSA schedule that originated in China.

## CONCLUSION

To the extent stated above, defendant's motion to dismiss all of relator's claims is **GRANTED**. The September 26 hearing is **VACATED.** Relator may seek leave to amend the

complaint and will have until **OCTOBER 10 AT NOON**, to file a motion, noticed on the normal

35-day track for leave to file an amended complaint. The motion must include a proposed

amended complaint and a redlined copy, and must clearly explain how the amendments to the

complaint cure the deficiencies identified herein.  Relator must plead his best case.

**IT IS SO ORDERED.**



Dated: September 12, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California